**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Doris F. Atkinson and William E. Atkinson, Jr.,
Appellants,

v.

James A. Williams, Jr., M.D. and South Carolina
Oncology Associates, Respondents.

Appellate Case No. 2013-000057

Appeal From Richland County
George C. James, Jr., Circuit Court Judge

Unpublished Opinion No. 2014-UP-445
Heard November 19, 2014 – Filed December 10, 2014

**AFFIRMED**

Daryl James Corbin, of Florence, for Appellants.

Thomas C. Salane and R. Hawthorne Barrett, both of
Turner Padget Graham & Laney, PA, Columbia, and
William Curry McDow, of Richardson Plowden &
Robinson, PA, of Columbia, for Respondents.

**PER CURIAM:** Doris F. Atkinson and William E. Atkinson, Jr. (collectively, Appellants) appeal an order by the trial court denying their judgment notwithstanding the verdict and new trial motions based on the court's failure to charge the jury with spoliation of evidence. We affirm.

We disagree with Appellants' argument the trial court should have included a spoliation of evidence charge to the jury and it prejudiced their case. Here, the court's ruling was based on the facts of the case, which did not warrant the charge. Specifically, we agree with the trial court Appellants presented no evidence Dr. James A. Williams is the one who destroyed the bowel. *See Welch v. Epstein*, 342 S.C. 279, 311, 536 S.E.2d 408, 425 (Ct. App. 2000) (stating that when reviewing a jury charge for error, the appellate court must review the charge as a whole considering evidence and issues presented); *Daves v. Cleary*, 355 S.C. 216, 224, 584 S.E.2d 423, 427 (Ct. App. 2003) (providing the court's refusal to give a requested charge is reversible error only if the requesting party can show prejudice from the refusal). Moreover, we find *Stokes v. Spartanburg Regional Medical Ctr.*, 368 S.C. 515, 629 S.E.2d 675 (Ct. App. 2006), distinguishable because in that case the evidence destroyed was medical records, subject to the rules of discovery, whereas here no evidence was presented that any medical record of the bowel was ever created or later destroyed. *See id.* at 522, 629 S.E.2d at 679 (finding that when the hospital controlled the missing evidence items, a charge to the jury for spoliation of evidence should have been allowed); *see also Pringle v. SLR, Inc. of Summerton*, 382 S.C. 397, 405, 675 S.E.2d 783, 787 (Ct. App. 2009) (stating that "when evidence is lost or destroyed by a party an inference may be drawn by the jury").

**AFFIRMED.**

**FEW, C.J., and HUFF and KONDUROS, JJ., concur.**